IN THE UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION



ALEX PAGE and DEE PAGE                 PLAINTIFFS

v.          No. 4:02-CV-00460-WRW

VALERO ENERGY CORPORATION,
DIAMOND SHAMROCK REFINING AND
MARKETING COMPANY, and TPI
PETROLEUM, INC., jointly and severally                 DEFENDANTS

## ORDER

Pending are Plaintiff Alex Page's Motion for Judgment (Doc. No. 14) and Defendants' Cross-Motion to Vacate Arbitration Award (Doc. No. 22). Defendants have responded to Plaintiff's Motion (Doc. No. 22). Plaintiff has responded to Defendants' Cross-Motion, and Defendants have replied (Doc. No. 33). For the reasons stated below, Plaintiff's Motion for Judgment is GRANTED and Defendants' Cross-Motion to Vacate Arbitration Award is DENIED.

### I. STANDARD OF REVIEW

Under the Federal Arbitration Act ("FAA"), a court may only vacate an arbitration award:

(1) where the award was procured by corruption, fraud, or undue means;
(2) where there was evidently partiality or corruption in the arbitrators, or either of them;
(3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

1

(4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.[1]

Furthermore, the Eighth Circuit has detailed two extremely narrow standards under which an arbitrator's award can be vacated: "beyond the grounds for vacation provided in the FAA, an award will only be set aside where it is completely irrational or evidences a manifest disregard for the law."[2] The Eighth Circuit has stated:

> An arbitration decision may only be said to be irrational where it fails to draw its essence from the agreement, and an arbitration decision only manifests disregard for the law where the arbitrators clearly identify the applicable governing law and then proceed to ignore it. We may not set an award aside simply because we might have interpreted the agreement differently or because the arbitrators erred in interpreting the law or in determining the facts.[3]

Finally, it is important to note the extraordinary deference given to an arbitration award. In *Manion v. Nagin*,[4] the Eighth Circuit stated "Our review of the underlying arbitration award, though, is very limited....If the arbitrator is arguably construing or applying the arbitration contract and acting within the scope of his authority, we must uphold the award even if the court is convinced that the arbitrator committed serious error."[5] Elsewhere, the Eighth Circuit has stated that "When reviewing an arbitral award, courts accord an extraordinary level of deference to the underlying award itself, because federal courts are not authorized to reconsider the merits of an arbitral award even though the parties may allege that the award rests on error of fact or on

---

[1] 9 U.S.C. § 10(a).

[2] *Hoffman v. Cargill Inc.*, 236 F.3d 458, 461 (8th Cir. 2001) (external citations omitted).

[3] *Id.* at 461-62 (external citations omitted).

[4] 392 F.3d 294 (8th Cir. 2004).

[5] *Id.* at 298 (external citations omitted).

2

misinterpretation of the contract."[6] To sum up, "Our scope of review of the arbitration award itself is among the narrowest known to the law."[7]

## II.     BACKGROUND

Plaintiff Alex Page ("Plaintiff" or "Page") was an employee of Defendant Diamond Shamrock Refining and Marketing Company ("Diamond Shamrock"). Diamond Shamrock terminated Plaintiff's employment on the ground that Plaintiff was responsible for a number of shortages in the amount the company was being paid for certain credit card charges versus the amount being reported to the company. Diamond Shamrock contacted the Lonoke Police Department, which conducted its own investigation. The Lonoke County Prosecuting Attorney's office found probable cause to prosecute Page[8] and he was tried. At trial, the presiding judge entered a directed verdict in favor of Page and dismissed the case.

Alex Page and Dee Page (collectively, the "Plaintiffs") then filed suit against Defendants in the Circuit Court of Lonoke County, asserting various tort claims arising from Page's termination. The case was removed to this Court, which, at the urging of Defendants, reluctantly ordered the parties to arbitrate in accordance with the terms of the employment agreement.

---

[6] *Stark v. Sandberg, Phoenix, & von Gontard, P.C.*, 381 F.3d 793, 798 (8th Cir. 2004) (external citations omitted).

[7] *Bhd. of Maint. of Way Employees v. Terminal R.R. Ass'n*, 307 F.3d 737, 739 (8th Cir. 2002).

[8] The Arbitrator, in his "Decision and Award" (Doc. No.14, Ex. A), stated that "Page was accused of inflating amounts due by trucking companies and pocketing the difference in cash" (pp. 7-8).

3

The Arbitrator found in favor of Plaintiffs and awarded them damages. Defendants now return to this Court, seeking to vacate the Arbitrator's award.

## III. DISCUSSION

The question is whether the Arbitrator's award was made in manifest disregard of the law, as this is the only possible ground for vacating it.

Defendants point out that the Arbitrator recognized that, in claims for defamation, a qualified privilege exists. Defendants cite *Addington v. Wal-Mart Stores, Inc.*,[9] where the Arkansas Court of Appeals held that the defendants in that case were protected by a qualified privilege, and that the plaintiff had failed to prove the privilege was lost through excessive publication, malice, or lack of grounds for belief in its truthfulness.[10] Defendants then assert that the Arbitrator, while recognizing the existence of qualified privilege, ignored the law and his own previous factual findings. Defendants point out that the Arbitrator -- in regard to Plaintiff's claims of malicious prosecution and abuse of process -- found that there was probable cause to take Alex Pate to trial; and that Defendants did not act with malice or ill-will in that regard. Defendants assert that these factual findings are incompatible with the Arbitrator's conclusion that Defendants did not have a qualified privilege as to the defamation claim, but I disagree.

In order for the Arbitrator to have manifestly disregarded the law, the Arbitrator would also have had to make findings of fact that Defendants had not excessively publicized the defamatory statements; <u>and</u> that Defendants had grounds for belief in the truthfulness of their

---

[9] 81 Ark. App. 441 (Ark. App. 2003).

[10] *Id.* at 454.

4

statements. If the standard of review is "manifest disregard for the law," then this occurs only where an arbitrator clearly identifies the applicable governing law and then proceeds to ignore it.[11] What the Arbitrator did here does not qualify as a manifest disregard for the law. Unless an arbitrator makes findings of fact that directly contradict the application of a legal rule that the arbitrator has identified, there is no manifest disregard for the law.

Arbitrators are not held to the same error standards as a court of law. Defendants concede that an arbitrator may make many errors that are not a basis for vacating the arbitrator's decision.[12] Defendants state that "The Arbitrator failed to either define or address the issue of 'fault' in publication, the fourth element of a claim for defamation. Nonetheless, he determined that defendants had defamed Mr. Page." Defendants concede that this failure to address fault by the Arbitrator is an error; but an error that *is not* and cannot be a basis to overturn the Arbitrator's overall ruling. For an arbitrator, the absence of a clearly stated finding of fact is not the same as a contrary finding of fact. The absence of a finding -- an omission -- is simply an error on the part of the Arbitrator that he is permitted to make. What the Arbitrator decided in regard to Plaintiff's defamation claim was not manifest disregard for the law, but only an error of omission, at most.

Furthermore, the Arbitrator's decision regarding Plaintiff's defamation claim appears consistent with his decision as to Plaintiff's negligence claim. The issue as to the negligence claim was whether Defendants were reasonable both in reporting Plaintiff's alleged theft to the police and the manner in which Defendants reported it. Defendants assert that because the

---

[11] *Manion*, 392 F.3d at 298.

[12] Doc. No. 22, p. 8.

Arbitrator found that there was probable cause -- again as to Plaintiff's claims of malicious prosecution and abuse of process -- to charge Alex Page, then their conduct was reasonable. Again, Defendants are incorrect.

Good faith -- the issue at the heart of most defamation claims -- and reasonableness -- the focus of most negligence claims -- are not synonymous because good faith is a <u>subjective</u> standard while reasonableness is an <u>objective</u> standard. In federal law, a good example of this distinction arises in cases involving the qualified immunity of government employees.[13] In *Miller v. Solem*,[14] the Eighth Circuit highlighted this distinction:

> [In *Harlow*,] the Supreme Court set forth an objective qualified immunity standard, holding that government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Prior to *Harlow*, the good faith standard also included a subjective component, requiring a court to determine if an official acted with the malicious intention to deprive constitutional rights.[15]

While here the issue is one of qualified <u>privilege</u> and not qualified <u>immunity</u>, the reasoning from qualified immunity law helps to understand Defendants' error.

The qualified privilege that Arkansas law provides defamation cases applies when the communication "is made in good faith."[16] In *Addington*, the case on which Defendants bottom their claim of qualified privilege, the Court of Appeals of Arkansas applied a subjective good faith standard. Similarly, a claim for malicious prosecution involves a subjective state of mind

---

[13] *See Harlow v. Fitzgerald*, 457 U.S. 800 (1982).

[14] 728 F.2d 1020 (8th Cir. 1984).

[15] *Id.* at 1024.

[16] *Addington*, 81 Ark.App. at 454.

6

analysis because the fourth element of malicious prosecution in Arkansas is "malice on the part of the defendant."[17] However, in Arkansas, a cause of action for negligence -- as it is in every other jurisdiction -- involves the application of an objective "reasonable person" standard.[18] One cannot conceptually transfer the factual findings and legal conclusions in one of these contexts to the other; from subjective to objective because they are different standards.

But this is what Defendants claim here. Defendants state that if they, "without malice or ill-will, provided the police and the prosecuting attorney with sufficient, [sic] factual information..., then their actions could not have been unreasonable."[19] However, as I have just shown, an individual <u>can</u> be in good faith, but still be negligent -- which is what it appears the Arbitrator could have concluded the Defendants were here -- because they involve different standards.

Specifically, aside from Alex Page's alleged (and in the end, coerced)[20] confession, all of the evidence in this case demonstrates that Alex Page never committed any theft. This is why the trial court in the criminal proceeding directed a verdict in favor of Alex Page. In other words, while a confession might be enough for a prosecutor to have probable cause to bring criminal charges, this does not mean that Defendants acted reasonably <u>before</u> notifying the police of

---

[17] *See Sundeen v. Kroger*, 355 Ark. 138 (Ark. 2003).

[18] *See, e.g., Mason v. Jackson*, 323 Ark. 252 (Ark. 1996).

[19] Doc. No. 22, p. 11.

[20] Doc. No. 22, p. 4. In Defendants' Response and Opposition to Motion for Entry of Judgment and Cross-Motion to Vacate Arbitration Award, Defendants, in ¶14, cite the Arbitrator's Decision, where the Arbitrator states "Whether [the investigator] should have recognized that he was <u>coercing</u> Page...." (Emphasis added.)

7

Page's possible criminal behavior. A reasonable person in Defendants' situation would have investigated -- at least in a cursory way -- to confirm that there was probable cause to believe Page had committed theft. It appears the Arbitrator concluded that Defendants acted without malice, i.e. in good faith, as to reporting Alex Page's potentially criminal conduct; but the Arbitrator also found that Defendants acted negligently, i.e. unreasonably, in not conducting an investigation to confirm Plaintiff's confession, particularly when in retrospect, that confession was coerced. To put it another way, a person may have acted reasonably in reporting the commission of a crime because they could report it, i.e. that person has probable cause. However, this fact does not immunize that person if the person acts unreasonably in the manner in which he reports the crime. There is nothing necessarily inconsistent in the Arbitrator's decision as to Plaintiff's negligence claim. One is a subjective conclusion as to Defendants actual behavior, the other is an objective conclusion as to Defendants required behavior.

Finally, although the Arbitrator does not make it explicit, his apparent conclusion as to negligence also supports his decision on Plaintiff's defamation claim. If the only grounds for Defendants defamatory statements were a confession that in retrospect was coerced -- and even a cursory follow-up investigation would have revealed that Plaintiff had not committed the crime to which he confessed, then the Arbitrator had facts before him to conclude that Defendants lacked adequate grounds to believe that Plaintiff had committed theft, abrogating Defendants' qualified privilege. Although the Arbitrator does not appear to have made this an explicit finding, this possibility exists because the Arbitrator did not find to the contrary. As a result, there are no fatal inconsistencies in the Arbitrator's award.

To sum up, Defendants assert that the Arbitrator made conclusions that are inherently inconsistent with one another, specifically the malicious prosecution finding versus the findings on defamation and negligence. I have detailed above the reasoning that the Arbitrator could have concluded that makes his findings consistent. Under such circumstances, the Arbitrator's decision deserves the deference to which typical arbitration decisions are afforded.

## CONCLUSION

Defendants' Cross-Motion to Vacate Arbitration Award is DENIED. Despite Defendants' position, the record reveals no grounds that rise to the level necessary to overcome the high level of deference granted to an Arbitrator's award. As a result, Plaintiff's Motion for Entry of Judgment is GRANTED.

Defendants might want to take a look at Proverbs 26:27 (King James Version).

IT IS SO ORDERED this 27th day of June, 2005.

UNITED STATES DISTRICT JUDGE
WM. R. WILSON, JR.

THIS DOCUMENT ENTERED ON
DOCKET SHEET IN COMPLIANCE
WITH RULE 58 AND/OR 79(a) FRCP
ON 6/28/05 BY _____

kayp

UNITED STATES DISTRICT COURT
Eastern District of Arkansas
U.S. Court House
600 West Capitol, Suite 402
Little Rock, Arkansas 72201-3325

June 28, 2005

* * MAILING CERTIFICATE OF CLERK * *

Re: 4:02-cv-00460.

True and correct copies of the attached were mailed by the clerk to the following:

Michael M. Harrison, Esq.
Watts, Donovan & Tilley, P.A.
200 South Commerce Street
Suite 200
Little Rock, AR 72201-1769

Gordon S. Rather Jr., Esq.
Wright, Lindsey & Jennings
200 West Capitol Avenue
Suite 2300
Little Rock, AR 72201-3699

Claire Shows Hancock, Esq.
Wright, Lindsey & Jennings
200 West Capitol Avenue
Suite 2300
Little Rock, AR 72201-3699

Michelle Marie Kaemmerling, Esq.
Wright, Lindsey & Jennings
200 West Capitol Avenue
Suite 2300
Little Rock, AR 72201-3699

Johnson D. Ogles, Esq.
Ogles Law Firm, P.A.
200 South Jeff Davis
Post Office Box 891
Jacksonville, AR 72078

Dale E. Adams, Esq.
Montgomery, Adams & Wyatt, PLC
221 West Second Street
Suite 408
Little Rock, AR 72201

press

Date: 6/28/05

James W. McCormack, Clerk

BY: KPhillips